(Court of Appeal, Parish of Orleans.)

## WILLIAM S. BENEDICT vs. JAMES LEWIS.

Neither the prescriptio acquire mendi causa nor the prescriptio liberandi causa can avail a fiduciary for property or funds which he holds in trust for another. .

Appeal from Civil District Court, Division "E."

O. H. Simpson, Plaintiff and Appellant.

Girault Farrar, Defendant and Appellee.

MOORE, J. On the 23rd of November, 1886, James Lewis made a *cessio bonorum* and was subsequently appointed and qualified as his own syndic.

On the 23rd February, 1887, he was duly adjudged to be freed and discharged from all his debts.

His trust as syndic, however, had not then, nor has it yet terminated, for he has never been discharged therefrom.

On the 27th of June, 1887, he filed an account of his gestion as syndic. The account shows that he had in his hands, as the proceeds of the sale of all the surrendered assets, the sum of $3,500. A tableau of distribution accompanying the account shows that the privilege charges amounted to $1,000.00 and that they consisted exclusively of law charges incurred in opening and administering the insolvency, and of State and City taxes. Among the list of law charges there appears, among others, the following:

"Attorney's fees, $225.00;" "Sheriff's fees, $33.50;" "Sheriffs fees, $95.60;" "Advertising 1st and 2d meeting of creditors, $19.20;" "Advertising his account, $4.20;" and of taxes, the following: City taxes on real estate, $209.06;" making a total of $685.26. The syndic prayed the Court to be permitted to pay these privileged debts and charges and to be permitted to distribute and pay the balance, say the sum of $2,500, to the first and second mortgage creditors.

His account and tableau were duly homologated on the 6th July, 1887, and he was authorized and directed to make the

331

payments therein stated. It appears from the evidence which is contradicted and about which we do not understand that there is any dispute, that William S. Benedict is the creditor to whom is due the items above enumerated and amounting to the said sum of $685.26. He was the attorney of record of the syndic and the item of attorney's fees appearing on the account represents the fee earned by him as such attorney. He paid out of his own funds and advanced for the insolvency, the sums necessary to pay and discharge the items of sheriff's fees, advertisements and taxes at the moment they were incurred, to be reimbursed him out of the funds of the insolvency.

Notwithstanding the homologation of the Syndic's account and the Court's direction that the syndic make the payments stated in the accounts, none were made by him, at least, no payment of the privilege debts of the insolvency due to Benedict were ever made, except to the extent of $75.00; the syndic paying Benedict, on account $25.00 on the 23rd of November, 1886; and the sum of $50.00 on February 1st, 1894. The debt, however, was never denied by Lewis. Year by year, from the filing of his account up to and including the year 1905, Lewis admitted the correctness of the amounts due to Benedict as they appear on the syndic's account, and promised to pay same, and such acknowledgements and promises were likewise made in letters from Lewis to Benedict of the folowing dates: Nov. 3, 1887; Oct. 1, 1888; June 25, 1889; July 17, 1890; Oct. 9, 1891; July 9, 1892; and Oct. 2, 1894.

Failing to obtain payment of the amounts due him, notwithstanding these repeated acknowledgements and promises, Benedict on the 20th of April, 1905, took a rule in the insolvency proceedings on Lewis to show cause: "why he should not comply with the judgment of Court herein, relative to the payment of the various obligations set forth upon his account, including the amount due your petitioner." To this rule Lewis interposed the plea of prescription of three and ten years. Thereupon the following order was made by the Court: "On motion of W. S. Benedict, plaintiff, in rule and on suggesting that James Lewis, the defendant in rule, has filed as a defense thereto the prscription of three and ten years, and it becomes necessary to resort

to a direct action. It is ordered by the Court that leave be granted to discontinue the said rule with right to proceed by a direct action. "Why the filing of a plea of prescription made it "necessary" to convert the action by rule into a direct action, is not apparent; however, a direct action was instituted, and in the same division of the Civil District Court in which the insolvency was pending, no objection to the form or character of the proceeding by direct action being offered.

The amount claimed by Benedict in this action, as due him, is $715.52, but the only items on the syndic's homologated account which the evidence satisfactorily establishes to be due to Benedict are those items above enumerated and which aggregate the said sum of $685.26. To this suit the defendant tendered the general issue and interposed the plea of prescription of three and ten years.

The judgment of the lower Court, apparently on the merits as it does not specifically mention the plea of prescription, was one of dismissal of plaintiff's suit.

In this Court there seems to be no dispute as to the merits, the only question discussed being that of prescription.

It will be perceived from the foregoing statement of facts that the debt which the evidence in this case, all of which being received without objection, clearly establishes as being due to Benedict, is not a debt due by the insolvent debtor—one from which he was discharged by the judgment of 23rd of February, 1887,or one which he subsequently personally incurred, but that it is a debt created by and for the insolvency itself and, therefore, originally due by it; that it was so recognized by the Insolvent Court and was ordered to be paid by the syndic by preference out of the assets of the insolvency, which assets had all been reduced to cash; that the syndic had thereupon credited himself with this sum and retained, and still retains, this amount in his hands to be applied to the payment of this debt; and that as a consequence the syndic, the defendant herein, holds in his hands this sum of money as a fiduciary for his principal, the plaintiff herein. As such fiduciary neither the prescription *Acquirendi Causa* nor the prescription *Liberandi*

*Causa,* whatever may be the term of prescription ordinarily applicable to claims of the character from which the instant debt arose, can avail the fiduciary.

It would be but putting a premium on dishonesty for the law to sanction the principle that a person to whom property or funds have been committed in the belief and trust, and as in this case under the direct orders of a Court, that he will hold and apply the same for the benefit of those who are entitled to it, can ever acquire the property or be discharged from the payment of the funds by the mere lapse of time.

The law does not sanction this.

In St. Romes vs. Levee Steam Cotton Press, 20 A 381, the defendant sought to be released by prescription from the payment to one of its stockholders of a dividend which it had declared on its capital stock. To this the Court said: "The possession by the company of the dividends declared by it, being that of a mandatory is a precarious one, unless it shows some initial point at which its possession was one *animo domini*. In Neel vs. Hibard, 30 A. 808, the owner sued to recover the possession of a slave from defendant in whose possession it was. The latter claimed title to it by prescription.

It was shown that the defendant held the possession as the agent of the plaintiff and this moved the Court to say: "Those who possess as she (the defendant) does, can not acquire a legal possession because it cannot be presumed that they had the intention of possessing for themselves, and even if they did entertain that dishonest intention, their possession continues to be that of the person for whom they originally took it."

In the case at bar the defendant took from the assets of the insolvency, as he was authorized to do by the Court, a sum aggregating $685.26, for account of and to be paid over to the plaintiff, a recognized creditor of the insolvency for this amount. His possession was that of a mandatory—a fiduciary—hense he can never acquire it by prescription.

For these reasons the plea of prescription cannot be sustained. On the merits, as we have shown, the case is entirely with the plaintiff.

It is therefore ordered, adjudged and decreed that the judg-

ment appealed from be and the same is hereby set aside, avoided and reversed and it is further ordered, adjudged and decreed that plaintiff, W. S. Benedict, have judgment against the defendant, James Lewis, in the sum of six hundred and eighty-five 26-100 dollars with legal interest from judicial demand until paid, less the sum of twenty-five dollars paid on account Nov. 23rd, 1886, and fifty dollars paid on account Feb. 1st, 1894. Defendant and appellee to pay the costs of both Courts.

Dufour, J., dissents.

April 30, 1906.

Rehearing refused May 14, 1906.